# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

JAMES MARTIN II,

    Plaintiff,

v.                                                     Case No. 1:25-cv-1990

POLESTAR AUTOMOTIVE USA INC.,

    Defendant.

## DEFENDANT POLESTAR AUTOMOTIVE USA INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Polestar Automotive USA Inc. ("Polestar"), files its Answer and Affirmative Defenses to James Martin II's ("Plaintiff") Complaint and states as follows:

## JURISDICTION

1. This Honorable Court has Federal Question Jurisdiction of this civil action pursuant to 28 U.S. Code § 1331. The Plaintiffs assert a claim pursuant to the Magnusson-Moss Warranty Act, 15 U.S. Code §§ 2301-2312. The amount in controversy exceeds $50,000.00.

**ANSWER:** Polestar admits that this Court has jurisdiction over this matter.

2. This Honorable Court has Diversity Jurisdiction of this civil action pursuant to 28 U.S. Code § 1332, Plaintiff is a citizen of Alexandria, Virginia, and Defendant Polestar Automotive USA Inc. is a corporation organized under the laws of New Jersey with a principal place of business in Mahwah, New Jersey. The amount in controversy exceeds $75,000.00.

**ANSWER:** Polestar admits Paragraph 2 only to the extent that Diversity Jurisdiction exists. Polestar is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 2, and therefore, denies them.

**VENUE**

3. Venue in this Honorable Court is proper pursuant to 28 U.S. Code § 1391 as this Judicial District is where a substantial part of the events and/or omissions giving rise to the claim occurred. Venue in the Alexandria Division is proper pursuant to Local Rule 3 because this is where a substantial part of the events and/or omissions giving rise to the claims occurred.

**ANSWER:** The allegations in Paragraph 3 call for a legal conclusion to which no responsive pleading is required. To the extent a response is required, the allegations contained therein are denied.

**FACTS**

4. On March 4, 2025, Plaintiff purchased a 2025 Polestar 3 VIN: 7SYEA3YB6SG024588, from Polestar Washington DC in Rockville, Maryland. Polestar Washington DC is an authorized dealer of Defendant Polestar Automotive USA Inc., for sales and warranty service and repair. At the time of the purchase, the Subject Vehicle had an odometer reading of 10.

**ANSWER:** Polestar is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 4, and therefore, denies them.

5. The Subject Vehicle was manufactured and/or distributed by the Defendant, Polestar Automotive USA Inc.

**ANSWER:** Polestar admits Paragraph 5.

6. The Subject Vehicle came with a 4-year/50,000-miles bumper to bumper warranty and an 8-year/100,000-mile battery and electronic motors warranty.

**ANSWER:** Polestar admits Paragraph 6.

7. On March 31, 2025, the Subject Vehicle received over-the-air updates which failed. Repair attempts were made. The vehicle was out of service for 1 day due to this warranty defect.

**ANSWER:** Polestar is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 7, and therefore, denies them.

8. On June 23, 2025, the Plaintiff brought the Subject Vehicle was brought into Darcars of Rockville, Maryland for warranty service and repair due to the AC system blowing hot air, the passenger window would not fully go down, the over-the-air screen showing errors. Repair attempts were made. The vehicle was out of service for 1 day due to these warranty defects.

**ANSWER:** Polestar is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 8, and therefore, denies them.

9. On July 29, 2025, the Plaintiff brought the Subject Vehicle was brought into Darcars of Rockville, Maryland for warranty service and repair due to the vehicle not charging unless the amps are set to 10 or below. Repair attempts were made. The vehicle was picked up on July 29, 2025. The vehicle was out of service for 1 day due to this warranty defect.

**ANSWER:** Polestar is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 9, and therefore, denies them.

10. On October 8, 2025, the Plaintiff brought the Subject Vehicle was brought into Darcars of Rockville, Maryland for warranty service and repair due to the vehicle not charging unless the amps are set to 10 or below, and over-the-air screen showing errors. The vehicle was picked up on October 14, 2025. The vehicle was out of service for 6 days due to these warranty defects.

**ANSWER:** Polestar is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 10, and therefore, denies them.

11. Despite 4 repair attempts spanning significant periods, the Plaintiff continues to experience unresolved warranty defects with the vehicle, resulting in a cumulative total of about 9 days out of service. This prolonged period of non-conformance has caused significant inconvenience and has not been resolved satisfactorily under the warranty terms.

**COUNT ONE**

**VIOLATION OF THE MOTOR VEHICLE WARRANTY ENFORCEMENT ACT**
**VIRGINIA CODE § 59.1-207.11 ET SEQ. "*LEMON LAW*"**

12. The facts alleged in Paragraphs 1-11 are re-pled and incorporated herein by reference.

**ANSWER:** Polestar incorporates its responses to Paragraphs 1 through 11 as if set forth fully herein.

13. The Plaintiff is a consumer as defined by the Virginia Motor Vehicle Warranty Enforcement Act (herein referred to as the "*Virginia Lemon Law*") Virginia Code § 59.1-207.11 et seq. Defendant General Motors, LLC is a manufacturer as defined by Virginia Code § 59.1-207.11 et seq. and received due notice under the same statute.

**ANSWER:** The allegations in Paragraph 15 call for a legal conclusion to which no responsive pleading is required. To the extent a response is required, the allegations contained therein are denied. Moreover, Paragraph 13 incorrectly identifies General Motors as the Defendant.

14. In enacting the Virginia Lemon Law, the Virginia General Assembly recognized that "*a motor vehicle is a major consumer purchase, and there is no doubt that a defective motor vehicle creates a hardship for the consumer*." Virginia Code § 59.1-207.10. As such, it was "*the intent of the General Assembly that a good faith motor vehicle warranty complaint by a consumer should be resolved by the manufacturer, or its. agent, within a specified period of time*." Id. Plaintiff's defective motor vehicle has, in fact, created a serious hardship for the Plaintiffs and

Defendant has failed to resolve the warranty defects despite multiple good faith attempts by Plaintiffs.

**<u>ANSWER:</u>** The allegations in Paragraph 14 call for a legal conclusion to which no responsive pleading is required. To the extent a response is required, the allegations contained therein are denied.

15. The Virginia Lemon Law requires a manufacturer to conform the motor vehicle to all applicable warranties that are provided to the consumer. <u>See</u>, Va. Code § 59.1-207.12. The Virginia Lemon Law further states that "*[i]f the manufacturer, its agents or authorized dealers do not conform the motor vehicle to any applicable warranty by repairing or correcting any defect or condition, including those that do not affect the drivability of the vehicle, which significantly impairs the use, market value, or safety of the motor vehicle to the consumer after a reasonable number of attempts during the Lemon taw tights period, the manufacturer shall: (1) replace the motor vehicle with a comparable motor vehicle acceptable to the consumer, or (2) accept return of the motor vehicle and refund to the consumer, lessor, and any lienholder as their interest may appear the full contract price, including all collateral charges, incidental damages, less a reasonable allowance for the consumer's use of the vehicle up. to the date of the first notice of nonconformity that is given to the manufacturer, its agents or authorized dealer*." <u>See</u>, Va. Code § 59.-207.13(A).

**<u>ANSWER:</u>** The allegations in Paragraph 15 call for a legal conclusion to which no responsive pleading is required. To the extent a response is required, the allegations contained therein are denied.

16. Specifically, Virginia Code § 59.1-207.13(B)(1) provides that "*It shall be presumed that a reasonable number of attempts have been undertaken to conform a motor vehicle to any*

*warranty and that the Motor vehicle is significantly impaired if during the eighteen months following the date of the original delivery of the motor vehicle to the consumer . . .the same nonconformity has been subject to repair three or more times by the manufacturer, its agents, or its authorized dealers and the same nonconformity continues to exist."* The Plaintiff's vehicle has been subject to repair a reasonable number of attempts and is significantly impaired in its use, market value, and safety. The Plaintiff's vehicle has a defective charging system that has been the subject of repair three or more times, and the defect still exists. This significantly impairs the use, market value, and safety of the Subject Vehicle.

**ANSWER:** The allegations in Paragraph 16 call for a legal conclusion to which no responsive pleading is required. To the extent a response is required, the allegations contained therein are denied.

17. Virginia Code § 59.1-207.13(B)(2) states that if the nonconformity or defect is a serious safety defect and has been subject to repair one or more times and the same nonconformity continues to exist it is presumed the vehicle has been subject to repair a reasonable number of times and the motor vehicle is significantly impaired and unfit, unreliable, and unsafe for ordinary use or reasonable intended purposes. The Plaintiff's vehicle qualifies for this presumption.

**ANSWER:** The allegations in Paragraph 17 call for a legal conclusion to which no responsive pleading is required. To the extent a response is required, the allegations contained therein are denied.

18. Plaintiffs seek to recover as damages for the total delivered price of $57,520.44 all collateral charges, finance charges, incidental damages, monetary consequential damages, rescission of the contract, compensation in the amount of $20,000 for inconvenience and loss of use, reasonable attorney's fees at a rate of $750.00 per hour or one-third of whatever is recovered,

whichever is greater, and all other relief law and equity may provide. See, Virginia Code § 59.1-207.14

**ANSWER:** Polestar denies Paragraph 20.

## COUNT TWO

## MAGNUSSON-MOSS WARRANTY ACT

19. The facts alleged in Paragraphs 1-11 are incorporated herein by reference.

**ANSWER:** Polestar incorporates its responses to Paragraphs 1 through 18 as if set forth fully herein.

20. The Plaintiff is a consumer as defined in 15 U.S. Code § 2301(3). Defendant is a supplier and warrantor as defined in 15 U.S. Code § 2301(1).

**ANSWER:** The allegations in Paragraph 20 call for a legal conclusion to which no responsive pleading is required. To the extent a response is required, the allegations contained therein are denied.

21. The Vehicle was manufactured after July 4, 1975, and an express Limited Warranty and an implied Warranty of Merchantability were given to the Plaintiff as a part of the purchase as those warranties met the definition of written warranty and implied warranty as contained in 15 U.S. Code § 2301(6)-(7), respectively.

**ANSWER:** Polestar admits Paragraph 21 only to the extent that the vehicle was manufactured after July 4, 1975 and came with an express limited warranty and an implied warranty as required under Virginia law. The remaining allegations call for a legal conclusion to which no responsive pleading is required. To the extent a response is required, the allegations contained therein are denied.

22. The Limited Warranty has failed its essential purpose, and the Defendant has violated the Act due to its inability to repair or replace the nonconformities within a reasonable time and has refused to provide the Plaintiff with a refund as required in 15 U.S. Code § 2304(a)(1) and (4).

**ANSWER:** Polestar denies Paragraph 24.

25. The Defendant has also breached its implied Warranty of Merchantability since the vehicle, in view of the nonconformity that exists and the Defendant's inability to correct them, is not fit for its ordinary purpose for which the vehicle is being used. 15 U.S. Code § 2308, 2310(d).

**ANSWER:** Polestar denies Paragraph 25.

To the extent Plaintiff's WHEREFORE clause requires a response, Polestar denies that Plaintiffs are entitled to any of the relief sought, and deny any allegations not expressly admitted herein.

## AFFIRMATIVE DEFENSES

Polestar asserts that Plaintiff's claims are barred, in whole or in part, by the defenses set forth below. By setting forth these defenses, Polestar does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Moreover, nothing herein stated is intended or shall be construed as an acknowledgment that any particular issue or subject matter is relevant to Plaintiff's allegations. Polestar reserves the right to plead any and all affirmative defenses that may become evident or appreciated after investigation and discovery in this matter.

## FIRST DEFENSE

Plaintiff's Complaint, and each and every count thereof, fails to state a claim against Polestar upon which relief can be granted.

**SECOND DEFENSE**

Polestar states that it has completely performed and fulfilled all of its obligations under any alleged warranty of any kind which Polestar or anyone acting on its behalf has made with respect to the subject vehicle or any of its component parts.

**THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the failure of Plaintiff to mitigate their alleged damages.

**FOURTH DEFENSE**

Polestar states that the alleged defects in the subject vehicle, if any, do not substantially impair its use, market value, or safety.

**FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by any applicable prescriptive periods, statute of limitations, statute of repose, and/or preemption.

**SIXTH DEFENSE**

If it is determined that the subject vehicle contained any defects or vices (which is expressly denied), Polestar is entitled to a credit and set-off against that recovery based on Plaintiff's use of the vehicle at issue, and Polestar specifically pleads the affirmative defenses of set off, offset, or compensation for use and depreciation.

**SEVENTH DEFENSE**

Polestar denies that Plaintiff is entitled to any recovery against Polestar. Plaintiff's recovery, if any, against Polestar must be reduced as the result of the actions, conduct, or fault of Plaintiff or third parties.

**EIGHTH DEFENSE**

Polestar had no actual or constructive knowledge of any defect in the vehicle at or before the time of sale or delivery of the vehicle.

### NINTH DEFENSE

Polestar denies that Plaintiff is entitled to any recovery against Polestar. Plaintiff's recovery, if any, against Polestar must be reduced or eliminated because of Plaintiff's failure to provide proper notice of the alleged defects and to provide the opportunity to repair those alleged defects.

### TENTH DEFENSE

Plaintiff waived all express and implied warranties applicable to the subject vehicle, including the warranties of fitness, merchantability, and against latent or hidden defects.

### ELEVENTH DEFENSE

Plaintiff's claims for equitable remedies are barred to the extent there is an adequate remedy at law.

### TWELFTH DEFENSE

Polestar reserves the right to assert any additional affirmative defenses allowed by Virginia law and the Federal Rules of Civil Procedure depending upon any evidence discovered in its defense of the Complaint.

**TRIAL BY JURY REQUESTED**  Respectfully submitted,

By: /s/ Karlo Goronja
Karlo Goronja (VSB No. 96993)
*Attorneys for Polestar Automotive USA, Inc.*
NELSON MULLINS RILEY &
SCARBOROUGH LLP
1021 East Cary Street, Suite 2120
Richmond, VA 23219
Telephone: (804) 533-2900
Facsimile: (804) 616-4129
karlo.goronja@nelsonmullins.com

# CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2025, a true and accurate copy of the foregoing was electronically filed with the Clerk of Court and served via ECF on all counsel of record registered to receive service via the Court's CM/ECF system.

/s/ Karlo Goronja
Karlo Goronja (VSB No. 96993)
*Attorney for Volvo Group North America*
NELSON MULLINS RILEY &
SCARBOROUGH LLP
1021 East Cary Street, Suite 2120
Richmond, VA 23219
Telephone: (804) 533-2900
Facsimile: (804) 616-4129
karlo.goronja@nelsonmullins.com